# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : **CRIMINAL COMPLAINT** |
| -v- | : |
| | : Mag. No. 13-4001 |
| DAVID BELL | : |

I, Jacob Karn, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Secret Service, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_____
Jacob Karn, Special Agent
United States Secret Service

Sworn to before me and subscribed in my presence,
March 11th, 2013 in Essex County, New Jersey

HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer  USMJ

## **ATTACHMENT A**

From in or around April 1, 2009 through in or around May 12, 2009, in the District of New Jersey and elsewhere, defendant

## DAVID BELL

did pass, utter, publish, sell, possess, or bring into the United States false, forged, or counterfeit coins or bars, knowing the same to be false, forged, or counterfeit, with intent to defraud, in violation of Title 18, United States Code, Section 485.

## ATTACHMENT B

I, Jacob Karn, am a Special Agent with the United States Secret Service. I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about May 7, 2009, defendant DAVID BELL ("BELL") entered a pawn shop located in Lebanon, Pennsylvania ("Store A").

2. BELL provided the store owner with a fake name and asked whether Store A would be interested in purchasing 107 gold coins.

3. BELL presented one gold Canadian coin to the store owner as a sample. The store owner subsequently tested the coin to confirm that it was real. The store owner offered to purchase the coins for $500 per coin for a total of $54,000.

4. On or about May 12, 2009, BELL and another individual arrived at Store A with the coins in a locked briefcase. BELL agreed to accept from Store A $25,000 up front and the remaining money the next day. The store owner then paid BELL $25,000 in cash. BELL gave the store owner the key to the briefcase and left with the other individual.

5. After BELL left the store, the store owner attempted to open the briefcase, but the key did not work. The store owner eventually opened the briefcase with a screwdriver and tested some of the coins. The test results established that the coins were counterfeit.

6. Store A's video surveillance captured the May 12, 2009 transaction. The individual who sold Store A the coins matches the general appearance of BELL as depicted by his driver's license photograph.

7. The investigation revealed that on May 6, 2009 - the day before BELL offered to sell the coins to Store A - BELL and another individual visited a different pawn shop in Lebanon ("Store B") and attempted to sell the same 107 gold Canadian coins. The store owner was suspicious of the coins and declined to purchase them. Another employee of Store B followed BELL outside and observed BELL enter a vehicle with a New Jersey license plate. He recorded the license plate number. Law enforcement traced the license plate number and learned that a car rental company in Hillside, New Jersey owned the vehicle. Records from the car rental company established that BELL rented the vehicle in Hillside on April 23, 2009. Bell resides in

Hillside.

8.      Law enforcement has examined and tested all of the 107 coins that BELL sold to Store A on May 12, 2009 and has confirmed that 106 of these coins are counterfeit.